UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENDA JANEEN DALY, individually,<br><br>            Plaintiff,<br><br>    v.<br><br>CAZIER ENTERPRISES, INC., a regular corporation licensed to conduct business in the State of Washington, d/b/a SUBWAY, RUSSELL LEE CAZIER and JANE DOE CAZIER, husband and wife, individually, and the marital community thereof, NOE VALENCIA and JANE DOE VALENCIA, husband and wife, individually and the martial community thereof,<br><br>            Defendants. | NO. CV-05-5059-EFS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT** |

   Before the Court, without oral argument, is Plaintiff's Motion to Amend or Alter Judgement (Ct. Rec. 77). Plaintiff asserts the Court misapprehended the facts, Ms. Daly's position, and the controlling law in its Order Granting Defendant's Motion for Summary Judgment (Ct. Rec. 75). As detailed below, the Court denies Plaintiff's motion.

1

Plaintiff's primary contention is that she must prove only that she reasonably believed that the conduct she opposed constituted a violation of the Washington Law Against Discrimination (WLAD) or Title VII.  The Court agrees with Plaintiff's interpretation that reasonable belief is the standard she must meet.  However, the Court reaffirms its finding that *Clark County School District v. Breeden,* 532 U.S. 268 (2001), controls with respect to whether the instant facts gives rise to a situation that a reasonable person could believe violates the above referenced laws.  While Plaintiff attempts to distinguish her case from *Breeden* by noting that under Defendants' sexual harassment policy Plaintiff was mandated to make the report at issue, this additional fact does not impact the analysis.  In *Breeden,* the Supreme Court found that an incident similar in scope to the incident at issue in the instant case was an incident which no reasonable person could believe to be a violation of Title VII's standards.

Plaintiff's complaint may well have been reasonable, warranted under the circumstances, and even required by Defendants' sexual harassment policy.  The Court's ruling simply indicates that Plaintiff could not have reasonably believed that her employer had violated WLAD or Title VII.  There are undoubtedly numerous instances of conduct in the employment context which warrant complaint but do not rise to the level of a violation of the law, or even an arguable violation of the law, such as the instant case.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion to Amend or Alter Judgment **(Ct. Rec. 77)** is **DENIED**.

///

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter
2  this Order and provide copies to counsel.
3  **DATED** this 11th day of December 2006.
4
5                          S/ Edward F. Shea
                             EDWARD F. SHEA
6                     United States District Judge
7
Q:\Civil\2005\5059.reconsider.wpd
8